**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUANQUN ZHANG, | No. 13-70146 |
| Petitioner, | Agency No. A088-547-430 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Guanqun Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, and withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.   We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).   Thus, we reject Zhang's request for oral argument.

evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.   *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).   We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding his landlord and where he first attended church in the United States.   *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (under the REAL ID Act inconsistencies no longer need to go to the heart of the claim).   Zhang's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).   Thus, in the absence of credible testimony, Zhang's asylum and withholding of removal claims fail.   *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, we lack jurisdiction to consider Zhang's ineffective assistance of counsel claim because he did not raise it to the agency.   *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security.   *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85

(1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**